IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SANDRA S. BOGGESS,

        Plaintiff,

v.                                    CIVIL ACTION NO. 2:05-cv-00649

LUTHER LEWIS FLOYD, et al.,

        Defendants.

**ORDER**

Pending before the court is the plaintiff's motion to remand [Docket 37] and CM Life Insurance's Motion for Withdrawal of Notice of Removal [Docket 4]. In her motion to remand, the plaintiff claims that the court should remand the case because she filed an amended complaint on August 12, 2005 in the Circuit Court of Kanawha County, West Virginia that removed "the alleged violations and duties created by the Securities Exchange Act of 1934 or rules and regulations thereunder . . . ." Because CM Life Insurance Company filed the Notice of Removal on August 11, 2005, this court assumed jurisdiction of the case on that date. As a result, the court cannot consider the amended complaint that was filed in the Circuit Court of Kanawha County on August 12, 2005 because it was not filed in this court. *Coughlin v. Nationwide Mut. Insur. Co.*, 776 F. Supp. 626, 628 (D. Mass. 1991).

Additionally, the court will not remand the case for lack of subject matter jurisdiction because the plaintiff admitted that a federal question existed in her motion to remand when she stated that the amended complaint removed "the alleged violations and duties created by the Securities Exchange Act of 1934 or rules and regulations thereunder . . . ." Moreover, the court

cannot remand the case for failure of all the defendants to join in the notice of removal because pursuant to 28 U.S.C. § 1447 (2000), "a motion to remand the case on the basis on any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." The plaintiff did not object to the defect in the Notice of Removal within 30 days after it was filed. As a result, the plaintiff waived this objection. Accordingly, the court **DENIES** the plaintiff's motion to remand. Additionally, because no known procedural basis exists for a withdrawal of a notice of removal, the court **DENIES** CM Life Insurance's Motion for Withdrawal of Notice of Removal. *Monahan v. Holmes*, 139 F.Supp.2d 253, 259 (D.Conn. 2001).

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:      December 28, 2005

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE